UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN R. EASTERLING,

    Plaintiff,

vs.

KAMRAN AFZAL, *et al.*,

    Defendants.

Case No. 3:22-cv-251

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING PLAINTIFF'S *PRO SE* COMPLAINT WITH PREJUDICE PURSUANT TO THE FILING RESTRICTIONS ORDER ENTERED IN *EASTERLING V. CHIEF JUDGE WALTER RICE, ET AL.*, No. 2:19-CV-469, Doc. No. 29 (S.D. Ohio Apr. 25, 2019); (2) DENYING AS MOOT ALL REMAINING MOTIONS (Doc. Nos. 14, 17, 22, 23, 32, and 37) AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This *pro se* civil case is before the Court after transfer from the United States District Court for the Southern District of Indiana.[1] *See* Doc. No. 25. Plaintiff is currently designated a vexatious litigant in this judicial district. This is due to his series of failed lawsuits challenging his ban from the Walter H. Rice Federal Building and U.S. Courthouse for verbal belligerence, altercations with courtroom security officers, and harassment. *See, e.g.*, *Easterling v. Crawford*, No. 3:14-cv-226, 2014 WL 5803029, at *1–2 (S.D. Ohio Nov. 7, 2014) (lawsuit contesting his ban from entering the Walter H. Rice Federal Building and U.S. Courthouse); *Easterling v. Rice*, No. 3:15-cv-257, 2015 WL 4917008, at *1 (S.D. Ohio Aug. 18, 2015) (same); *Easterling v. Rice*, No. 2:19-cv-469, 2019 WL 1338712, at *3 (S.D. Ohio Mar. 25, 2019) (same).

---

[1] As the Court does in all instances, Plaintiff's non-delusional factual allegations are accepted as true and his *pro se* Complaint is liberally construed in favor. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

Eventually, this Court issued an order imposing prefiling restrictions on Plaintiff. *See Easterling v. Rice, et al.*, No. 2:19-cv-469, Doc. No. 29 (S.D. Ohio Apr. 25, 2019) (hereinafter, "Filing Restrictions Order"). Among other things, Plaintiff must submit a signed statement from an attorney, who is licensed to practice before the State Bar of Ohio, attesting that the lawsuit satisfies Fed. R. Civ. P. 11. *Id.* at PageID 301. In that order, this Court also noted that Plaintiff "may not simply . . . refile the same or similar complaints . . . to collaterally attack orders and judgments entered in other civil cases he filed in this Court." *Id.* at PageID 300.

Plaintiff, in an apparent attempt to avoid these requirements, filed a complaint in the Southern District of Indiana. Doc. No. 1. That case was transferred here because the underlying events transpired in this district. Doc. No. 24. Namely, Plaintiff contends that his constitutional rights were violated when he was arrested for trespassing after he attempted to file a complaint in the Walter H. Rice Federal Building and U.S. Courthouse. *See* Doc. No. 1 at PageID 5; Doc. No. 1-1 at PageID 10.

Plaintiff's current complaint does not satisfy the Filing Restrictions Order, including the affidavit requirement. This alone justifies dismissal. *See, e.g.*, *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation" (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)); *cf. Mikkilineni v. Gibson Thomas Eng'g Co.*, 379 F. App'x 253, 255–56 (3d Cir. 2010) (affirming dismissal where claims transferred to the district court were determined to be vexatious claims that were identical to previously dismissed claims). Moreover, Plaintiff's attempt to relitigate the circumstances surrounding his ban from the courthouse in another district is "a clear attempt to subvert" the Filing Restrictions Order. *Banks v. Lea*, 793 F.

App'x 62, 64 (3d Cir. 2020) (affirming dismissal of vexatious litigant's complaint that was filed in another court before it was transferred because it was an attempt to evade prefiling restrictions).

Accordingly, the Court, *sua sponte*: (1) **DISMISSES** Plaintiff's *pro se* complaint (Doc. No. 1) **WITH PREJUDICE**; (2) **DENIES AS MOOT** all remaining motions (Doc. Nos. 14, 17, 22, 23, 32, and 37); and (3) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   October 13, 2022                             /s Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge